## Catlett v. Nooe, et al.

(Decided May 27, 1927.)

### Appeal from Mercer Circuit Court.

1. Municipal Corporations.—Resident of village held properly restrained from moving front fence and sidewalk nearer street, where change would be unsightly and rendered ingress and egress to and from adjoining lots difficult, and existing line had been established for period extending beyond memory of any living witness, in view of prescriptive right of adjoining lot owners to use space proposed to be inclosed.
2. Municipal Corporations.—Resident of village, after having moved front fence nearer street, but having replaced it on old line at complaint of neighbors, may sue to restrain another from moving his fence, since, having done equity, he may seek equity.

E. H. GAITHER for appellant.

R. L. BLACK and W. L. WHITTINGHILL for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Cornishville is a small village in Mercer county with about 100 inhabitants. It has but one street, which is the Harrodsburg and Cornishville turnpike. It was incorporated as a town by a special act of the Legislature in 1847 (Acts 1846-47, c. 293), but has exercised no corporate functions for at least 40 years.

The turnpike road forming the street was formerly owned by a corporation and was constructed about the year 1870; the turnpike company having the right to occupy not exceeding 40 feet and condemn that much land for the purpose of constructing the road. The road has been owned and maintained by Mercer county for about 30 years and the county, as far as the record discloses, has never claimed that the road was more than 40 feet in width.

About the time the charter was granted to the town, a number of lots were laid off fronting each side of the

road, or street. On the south side of the street these lots were 79½ feet in width and extended from a line presumably parallel with the street a distance of 274½ feet to the south side of the street. Appellant, Lawrence Catlett, owns one of these lots fronting on the south side of the street, and the appellee Dr. F. J. Nooe owns a lot adjoining Catlett's lot on the east, and the appellee J. C. Royalty owns a lot adjoining Catlett's lot on the west. The fence in front of these lots and other lots on the south side of the street, until recently, were in approximately a straight line 30 feet from the center of the street, and there was an old rock sidewalk just outside the fences in front of most of the lots. Some of the lot owners began to construct concrete sidewalks in front of their lots in lieu of the old rock sidewalks, and appellant began to construct a concrete sidewalk in front of his lot from 8 to 12 feet nearer the street than the old sidewalk and proposed to move out his fence that distance; his fence thus crossing the line of the sidewalk that had been constructed by Dr. F. J. Nooe.

Dr. F. J. Nooe, J. C. Royalty, and Dr. Bishop Wash brought this action, in which they sought to enjoin the appellant from moving his fence to the north and from constructing a sidewalk at any point further north than the point where the old sidewalk had been located, alleging that the old fence in front of appellant's property marked the southern boundary of the main street of Cornishville as had existed for more than 30 years, and that the street north of such line had been traversed and used by the citizens of Cornishville and of the community and by the public generally as a part of the highway, openly, notoriously, adversely, and under claim of right for more than 30 years, and that the plaintiffs would be specially damaged if the defendant should be permitted to inclose a part of the street in front of his lot which had been used by them as a means of ingress and egress to and from their respective lots.

A great mass of testimony was taken, and the chancellor found that the plaintiffs were entitled to the relief sought in their petition as amended, and a judgment was entered enjoining appellant from constructing a sidewalk north of the ancient property line as indicated by the fence theretofore existing, and the judgment further provided that any sidewalk which might thereafter be constructed along the north line of appellant's property

should be on a line with the walks in front of the adjoining lots. From that judgment, this appeal is prosecuted.

A large number of witnesses testified, some of whom had been residents of Cornishville for more than 50 years. The great weight of the evidence is to the effect that the fences and old sidewalks on the south side of the road had always been approximately on a line with those now in front of the lots of Dr. F. J. Nooe and J. C. Royalty, and that the construction of the sidewalk and fence at the place proposed by appellant would greatly damage the owners of the adjoining lots.

Appellant contends that the failure of himself and his predecessors in title to inclose his land to the line of the public road does not forfeit his title to that part heretofore uninclosed, and, in support of his contention, cites a number of cases from other jurisdictions, including Bertha Morlang v. City of Parkersburg, 84 W. Va. 509, 100 S. E. 394, 7 A. L. R. 717. The rule deducible from these cases is that land between the street line and a building is not dedicated by implication to the public by the fact that the space is used by the public as a part of the street without objection from the owner, but to constitute a dedication it is necessary for the owner to do some act from which can be drawn a positive intent to dedicate the land to the public and the public must have accepted and used it. This rule has no application to the facts in this case.

For a period of time that extended beyond the memory of any living witness, the fence and old sidewalk in front of appellant's lot had been approximately on a line with those now on the adjoining lots and the space proposed to be inclosed by him has been used by appellees and their predecessors in title during all that period of time in going to and from their lots. The evidence discloses that, in addition to being unsightly, the change proposed to be made by appellant would render ingress and egress to and from the adjoining lots more difficult and make these lots less desirable. The appellees have shown a prescriptive right to the use of the space proposed to be inclosed and the chancellor did not err in granting the relief sought in the petition as amended.

It appears that for a few years the appellee Dr. F. J. Nooe maintained a fence in front of his lot beyond the line now claimed by him to be the front property line and it is insisted that he cannot invoke the aid of equity to re-

strain others from doing what he has done. The owners of the neighboring lots, including the owner of the lot now owned by appellant, complained on account of this fence being maintained beyond what they claimed was the front property line, and Dr. Nooe removed it, and when he constructed a concrete sidewalk he constructed it approximately along what was recognized as the ancient property line. The appellee Nooe recognized that he made a mistake and corrected it, and, having done equity, he may now seek equity.

This controversy is surely one that should have been amicably settled by neighbors in a manner that would best serve their own interests and the interests of the other residents of the little village, but, having invoked the aid of the courts, the parties are entitled to a thorough consideraion of their respective claims. We have carefully examined the record and are of the opinion that the judgment of the chancellor is in accordance with the law and the facts and did substantial justice between the parties.

Judgment affirmed.